CASPER J. RANKIN (CA SBN 249196)
ELLEN CHA (CA SBN 250243)
JOSEPH C. DELMOTTE (CA SBN 259460)
PITE DUNCAN LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS SUCCESSOR-IN-INTEREST TO WASHINGTON MUTUAL BANK, F/K/A WASHINGTON MUTUAL BANK, FA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>ANNA MARIA BORQUEZ,<br><br>Debtor(s). | Case No. 10-46902<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN<br><br>341(a) MEETING:<br>DATE: August 26, 2010<br>TIME: 2:00pm<br>PLACE: Oakland U.S. Trustee Office |

JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank, f/k/a Washington Mutual Bank, FA[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtor, Anna Maria Borquez (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The basis of the objection is stated below:

**I.**

**STATEMENT OF FACTS**

/././

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

1

1. On or about May 16, 2007, Debtor, for valuable consideration, made, executed and delivered to Washington Mutual Bank, FA ("Lender") a Promissory Note in the principal sum of $416,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

2. On or about May 16, 2007, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 4132 Hamlet Drive, Concord, California 94521 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on May 30, 2007, in the official records of the Contra Costa County Recorder's office. A copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference. Thereafter, Debtor defaulted with payments under the Note and is contractually due for February 1, 2009.

3. On or about September 25, 2008, WAMU was closed by the Office of Thrift Supervision and the FDIC was named receiver. As authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. Section 1821(d)(G)(i)(II), the FDIC, as receiver of WAMU, may transfer any asset or liability of WAMU without any approval, assignment, or consent with respect to such transfer. Pursuant to the terms and conditions of a Purchase and Assumption Agreement between the FDIC as receiver of WAMU and Movant dated September 25, 2008, Movant acquired certain of the assets, including all loans and all loan commitments of WAMU. As a result, on September 25, 2008, Movant became the owner of the loans and loan commitments of WAMU.

4. On or about June 17, 2010, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan ("Plan") provides for payments to the Trustee in the sum of $215.00 per month for sixty (60) months. The Plan provides for direct monthly post-petition payments of $1,294.10 to the Creditor. However, the Plan fails to provide for the cure of pre-petition arrears to the Creditor.

5. The pre-petition arrearage on Creditor's secured claim is in the sum of $42,800.87. A copy of Creditor's Proof of Claim is attached hereto as exhibit C and incorporated herein by reference.

6. As of the date of this Objection, the Debtor is in default on post-petition mortgage payments for the month of July 1, 2010. The post-petition arrears consist of one (1) payment at $2,346.97. The total post-petition default is $2,346.97.

7. Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $713.34 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**A. DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

The Plan fails to provide for the cure of pre-petition arrears to the Creditor. The actual pre-petition arrears equal $42,800.87, based on Creditor's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B. PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $713.34 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

**C. DEBTOR HAS FAILED TO MAKE ALL POST-PETITION PAYMENTS SINCE THE FILING OF THE PETITION**
11 U.S.C. § 1325(a)(5) & (a)(6).

Debtor is in default on post-petition mortgage payments for the month of July 1, 2010, as of the date of this Objection. The post-petition arrears consist of one (1) payment at $2,346.97. The total post-petition default is $2,346.97.

**D. THE DEBTORS' CHAPTER 13 LACK FEASIBILITY UNDER 11 U.S.C 1325(a)(6)**

Debtor's Schedule J indicates that the she has disposable income of $216.90. The Debtor proposes to make monthly Plan payments of $215.00 to the Chapter 13 Trustee. The Debtor will be required to apply an additional $713.34 monthly to the Chapter 13 Plan in order to provide for the cure of Creditor's pre-petition arrears. Accordingly, the Debtor lacks sufficient monthly disposable income with which to fund this Plan.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtor's Chapter 13 Plan be denied;

2. For reasonable attorneys' fees and costs; and

3. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 10, 2010       PITE DUNCAN LLP


/s/ ELLEN CHA CA SBN 250243
Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS SUCCESSOR-IN-INTEREST TO WASHINGTON MUTUAL BANK, F/K/A WASHINGTON MUTUAL BANK, FA

-4-
Case: 10-46902    Doc# 14    Filed: 08/10/10    Entered: 08/10/10 16:11:01    Page 4 of 4