```
MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837, STAFF ATTORNEY
NIMA GHAZVINI, SBN 254758, STAFF ATTORNEY
6140 STONERIDGE MALL ROAD, SUITE 250
PLEASANTON, CA 94588
PH: (925) 621-1900
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Chapter 13 |
| ANNA MARIA BORQUEZ | CASE NO. 10-46902 MEH 13 |
| Debtor, | **COMPLAINT TO RECOVER FUNDS OVERPAID THROUGH CHAPTER 13 PLAN PURSUANT TO 11 U.S.C. §542** |

**MARTHA G. BRONITSKY, CHAPTER 13 STANDING TRUSTEE**

       Plaintiff

vs.

**LVNV FUNDING LLC**

       Defendant

COMES NOW, MARTHA G. BRONITSKY, Chapter 13 Standing Trustee, hereafter "Plaintiff", and files this Complaint to Recover Funds Overpaid Through Chapter 13 Plan against LVNV Funding LLC in the amount of $2,059.96.

Page **1** of **3**

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A),(E),and (O).

## PARTIES

2. The Plaintiff is Martha G. Bronitsky, Standing Chapter 13 Trustee for the Oakland Division of the Northern District of California, United States Bankruptcy Court.

3. Defendant is a creditor in the Chapter 13 Bankruptcy of Anna Maria Borquez ("Debtor") filed in the Oakland Division of the Northern District of California, United States Bankruptcy Court, served through its Officer or Managing Agent.

## FACTS

4. The Debtor filed this Chapter 13 Bankruptcy on June 17, 2010 and is represented by Patrick L. Forte.

5. The Chapter 13 Plan ("plan") was confirmed on October 27, 2010. (Doc. #24).

6. American General Finance ("AGF") was listed on schedule F for credit card purchases in the amount of $1,870 and not provided for in the plan. (Doc. #1).

7. On October 6, 2010, AGF filed a secured claim for $1,886.58 to which the Debtor did not object. (Claim #16).

8. On September 4, 2013, AGF filed a notice of transfer of claim to Defendant, LVNV Funding LLC. (Doc. #34).

9. The Plaintiff distributed $2,059.96 (principal and interest) to the Defendant in error.

10. The funds distributed to the Defendant constitute property of the bankruptcy estate pursuant to 11 U.S.C. §541.

11. Plaintiff, as Chapter 13 Trustee, has the right and the duty to recover property of the estate held by a creditor, as this assists the Debtor in the performance of her plan. 11 U.S.C. §1302(b)(1)(4).

12. The Plaintiff, as Chapter 13 Trustee, is accountable to the estate for all property received. 11 U.S.C. §704(a)(2).

13. The Defendant is required to turnover the funds to the Trustee unless of inconsequential value to the estate. 11 U.S.C. §542.

14. The funds are of consequential value to the estate because they are needed to pay other allowed claims that must be paid in full through the Chapter 13 Plan.

### COUNT 1

15. The allegations in the previous paragraphs are hereby restated.

16. The Plaintiff seeks turnover of $2,059.96 distributed to the Defendant pursuant to 11 U.S.C. §542.

17. The Plaintiff is entitled to judgment in the amount of $2,059.96 against the Defendant.

### PRAYER FOR RELIEF

Wherefore, the Plaintiff prays that the Defendant be served with citation, and that the Plaintiff recover judgment as set forth above and any other relief the court deems just and proper.

RESPECTFULLY SUBMITTED

| May 15, 2014 | /s/Martha G. Bronitsky 5909 |
|---|---|
| DATE | Martha G. Bronitsky, Esq. |
| | Chapter 13 Standing Trustee |